# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN | | **SUMMONS** | CASE NO. |
|---|---|---|---|
| 14th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2018-005474 -NO<br>Hon. William C. Marietti P17085 |

Court address
990 Terrace Street, Muskegon, MI 49442

Court telephone no.
231-724-6251

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| MINETTE BLAKE, et al. | v | WAL-MART STORES EAST, LIMITED PARTNERSHIP |

Plaintiff's attorney, bar no., address, and telephone no.
GEOFFREY N. FIEGER (P30441) / DONALD H.
DAWSON, JR. (P29692) / KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington P.C.
19390 West Ten Mile Road, Southfield, MI 48075
(248) 355-5555

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 18-001619-NF & 18-001633 and assigned to Judge Honorable William C. Marietti .

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk.   [SUMMONS]

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/17/2018 | Expiration date<br>01/18/2019 | Court clerk | |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

10/19/2018 11:42
AM

MC 01 (6/15) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**PROOF OF SERVICE**

| SUMMONS |
| --- |
| Case No. 2018- 005474 -NO |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature _____ |
| --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) _____ |
| | | | Title _____ |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON**

MINETTE BLAKE, Individually and as
Next Friend of LEIGHTON CLARKE, JR.,
a Minor; and as Next Friend of LACY
CLARKE, a Minor; ORETHIA BLAKE,
Individually; LEIGHTON CLARKE,
Individually; JANICE DEPOY, Individually
and as Next Friend of ALLESHA
COOPER, a Minor; and TAMLA GRAY,
Individually,

Case No.: 18-005474-NO
Hon.
       William C. Marietta
              P17085

        Plaintiffs,

v.

WALMART STORE, INC.
and WAL-MART STORES EAST,
LIMITED PARTNERSHIP,
Jointly and Severally,

        Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

**COMPLAINT AND JURY DEMAND**

There are two other civil actions arising out of the same transaction or
occurrence as alleged in this complaint pending in this court, and they are
still pending.

NOW COME Plaintiffs, MINETTE BLAKE, Individually and as Next Friend of

LEIGHTON CLARKE JR., a Minor; and as Next Friend of LACY CLARKE, a Minor;

ORETHIA BLAKE, Individually; LEIGHTON CLARKE, Individually; JANICE DEPOY,

{00630236.DOC}

1

Individually and as Next Friend of ALLESHA COOPER-DEPOY, a Minor; and TAMLA GRAY, Individually, by and through their attorneys, FIEGER, FIEGER, KENNEY, & HARRINGTON, P.C., and for their Complaint against the above-named Defendants, states as follows:

## PARTIES AND JURISDICTION

1.      At all relevant times, Plaintiff, MINETTE BLAKE, was a resident of the City of Muskegon, County of Muskegon, State of Michigan.

2.      Plaintiff, MINETTE BLAKE, is the mother and duly appointed Next Friend of LEIGHTON CLARKE JR., a Minor; and LACY CLARKE, a Minor, by the Muskegon County Circuit Court.

3.      At all relevant times, Plaintiff's Minors, LEIGHTON CLARK JR. and LACY CLARKE, were living with their mother MINETTE BLAKE in the City of Muskegon, County of Muskegon, State of Michigan.

4.      At all relevant times, Plaintiff, ORETHIA BLAKE, was MINETTE BLAKE's 18 year old daughter and a resident of the City of Muskegon, County of Muskegon, State of Michigan.

5.      Plaintiff, LEIGHTON CLARKE, is a resident of the City of Lauderhill, County of Broward, State of Florida.

6.      At all relevant times, Plaintiff, JANICE DEPOY, was a resident of the City of Muskegon, County of Muskegon, State of Michigan.

7.      Plaintiff, JANICE DEPOY, is the duly appointed Next Friend of ALLESHA COOPER-DEPOY, a Minor, by the Muskegon County Circuit Court.

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{60530236.DOC}

8. At all relevant times, Plaintiff's Minor, ALLESHA COOPER-DEPOY, was living with her mother JANICE DEPOY in the City of Muskegon, County of Muskegon, State of Michigan.

9. At the time of the subject incident, Plaintiff, TAMLA GRAY, was in the City of Muskegon, County of Muskegon, State of Michigan visiting her family, but is now a resident of the Caribbean island nation of Jamaica.

10. At all relevant times, Defendant, WALMART STORE, INC. (hereinafter, ("WALMART"), was a Delaware Foreign Profit Corporation, headquartered in the City of Bentonville, State of Arkansas, but engaging in regular and systematic business in the City of Muskegon, County of Muskegon, State of Michigan and with its Registered Agent located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

11. At all relevant times, Defendant, WAL-MART STORES EAST, LIMITED PARTNSERSHIP (hereinafter, "WSE"), was a Delaware Foreign Limited Partnership, with its address where in the City of Bentonville, State of Arkansas, but engaging in regular and systematic business in the City of Muskegon, County of Muskegon, State of Michigan and with its agent for service of process located at 40600 Ann Arbor Rd. E Ste 201, Plymouth, MI 48170.

12. The acts, transactions and/or occurrences giving rise to the injuries complained of herein, occurred within the confines of the City of Muskegon, County of Muskegon, State of Michigan on or about April 3, 2017 at approximately 1:52 a.m.

13. That the amount in controversy in this cause greatly exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

14. Venue and Jurisdiction are properly vested in the court.

{00630206.DOC}     3

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## FACTUAL ALLEGATIONS

15.     Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

16.     In January of 2017, Plaintiff, MINETTE BLAKE, brought her 2007 Toyota Sienna minivan, with license plate number DPB8629, VIN number 5TDZK22CX7S056118, to Defendants', WALMART and WSE, Auto Care Center for an auto service during which a tire inspection was performed.

17.     During the above-mentioned inspection, Plaintiff was told by Defendants that she did not need new tires until next winter.

18.     On April 1, 2017, Plaintiff, MINETTE BLAKE, once again brought her minivan in to Defendants', WALMART and WSE, Auto Care Center for an auto service during which a tire inspection was performed.

19.     During the April 2017 auto service, Defendants represented to Plaintiff, MINETTE BLAKE, that it had inspected the tires and that the tires passed the inspection and were fit for continued use.

20.     Defendants displayed the word "checked" in the April 2017 Service Description paperwork for all four tires:

- Wash Windshield - CHECKED
- Tire Pressure - Drv Rear - CHECKED.35
- Tire Pressure - Drv Front - CHECKED.35

- Tire Pressure - Pass Front - CHECKED.35
- Tire Pressure - Pass Rear - CHECKED.35
- Washer Fluid - FILLED

21.     At all relevant times, the right-rear tire was in a hazardous condition and Defendants who holds themselves out as specialists in auto service to consumers and specifically to Plaintiff, MINETTE BLAKE, did not recommend that the tires be replaced or take any action to alert Plaintiff that the right-rear tire was in a hazardous condition.

(00630234.DOC)

4

22.     On April 3, 2017, two days after the April 2017 tire inspection performed by Defendants, Plaintiff MINETTE BLAKE, drove her minivan carrying seven of her family members on the I96 expressway in reliance on the representations about the safe condition of the tires made by Defendants.

23.     The passengers in the minivan were MINETTE BLAKE's husband, Plaintiff LEIGHTON CLARKE; Plaintiff's Minors LEIGHTON CLARKE, JR. and LACY CLARKE; Plaintiff ORETHIA BLAKE; Plaintiff JANICE DEPOY; Plaintiff's Minor ALLESHA DEPOY, and Plaintiff TAMLA GRAY.

24.     At all relevant times, Plaintiff MINETTE BLAKE was driving within the speed limit and road surface conditions were dry.

25.     At all relevant times, a tread separation of the rear-right tire occurred, causing the vehicle to lose control, cross the median, roll over, and causing severe and permanent injuries to Plaintiffs.

26.     Defendants, WALMART and WSE, caused Plaintiffs severe and permanent injuries when it failed to alert Plaintiff MINETTE BLAKE of the hazardous condition of the right-rear tire.

27.     Defendants, WALMART and WSE, caused Plaintiffs severe and permanent injuries when it implied that the hazardous right-rear tire was fit for continued use by representing that all four tires were inspected, but failing to alert Plaintiff MINETTE BLAKE of its hazardous condition.

28.     Defendant, WALMART, as an auto service provider in the business of auto inspections, had a duty to not misrepresent that the tires on Plaintiff's vehicle, and specifically the right-rear tire, were in a drivable condition.

{00632236.DOC}                                          5

29. Defendant, WSE, as an auto service provider in the business of auto inspections, had a duty to not misrepresent that the tires on Plaintiff's vehicle, and specifically the right-rear tire, were in a drivable condition.

30. Defendant, WALMART, as an auto service provider, had the duty to act as a reasonable auto service provider under the same or similar circumstances, by alerting Plaintiff that the tires, and specifically the right-rear tire, was in a hazardous condition and not fit for continued use.

31. Defendant, WSE, as an auto service provider, had the duty to act as a reasonable auto service provider under the same or similar circumstances, by alerting Plaintiff that the tires, and specifically the right-rear tire, was in a hazardous condition and not fit for continued use.

32. Plaintiffs did not engage in any negligent conduct in this matter and are not comparatively negligent.

**COUNT I**
**NEGLIGENCE and/or GROSS NEGLIGENCE**
**DEFENDANTS WALMART AND WSE**

33. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

34. At all relevant times, and pursuant to Michigan Law, Defendants, as auto service providers in the business of performing auto inspections, owed a duty to act with ordinary care for the safety of the public and specifically to the above-named Plaintiffs, which duties include but are not limited to, obeying all common laws, statutes, and ordinances of the County of Muskegon and State of Michigan.

35.   At all relevant times, Defendants had a duty to act as reasonably careful auto service providers would act under the same or similar circumstances that existed at the time of the subject auto inspection.

36.   At all times relevant hereto, Defendants owed the above-named Plaintiffs the aforementioned duties in particular, including but not limited to, and breached the same by doing the following:

    a.    Failing to alert Plaintiff MINETTE BLAKE that the tires, and specifically the right-rear tire, was in a hazardous condition;

    b.    Failing to recommend that the tires, specifically the right-rear tire, be replaced;

    c.    Representing to Plaintiff MINETTE BLAKE that it performed a tire inspection on Plaintiff's vehicle and/or that the tires were fit for continued use by failing to alert Plaintiff of the tires' hazardous condition;

    d.    Holding itself out as a specialist in providing auto services to consumers by affirmation of fact and therefore causing Plaintiff, MINETTE BLAKE, to rely on Defendant's inspection as confirmation that the tires were safe for continued use;

    e.    Performing a tire inspection and subsequently not revealing to Plaintiff that the tires were hazardous;

    f.    Implying that the hazardous tires were fit for continued use and/or not in a hazardous condition after an inspection was performed by not alerting Plaintiff, yet displaying the word "checked" next to the service description of all four tires;

    g.    Telling the Plaintiff that her tires did not need to be replaced until the following winter;

    h.    Acting with reckless disregard for the physical safety of the public in general and for Plaintiffs in particular;

    i.    Acting with a willful and/or wanton disregard for the

{00630234.DOC}              7

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

safety of others, and Plaintiffs in particular;

j.    Engaging in reckless conduct demonstrating a substantial lack of concern for whether injury would result to Plaintiffs;

k.    All other breaches of duty identified by Defendants in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

l.    Any and all other breaches that become known through litigation.

37.    As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff MINETTE BLAKE, including, but not limited to, the following:

a.    Lacerations requiring stitches;

b.    Wounds and abrasions about her body, including her forearms, right arm, and left ear;

c.    Tissue laceration of left dorsal forearm;

d.    Pain in left knee;

e.    Neuropathic pain of right hand;

f.    Pain in right thumb;

g.    Numbness in radial aspect of palm;

h.    Pain in right wrist with decreased range of rotation;

i.    Neck pain;

j.    Head injury;

k.    Headache syndrome;

l.    Soft tissue swelling in right forearm;

m.    Hospital stay requiring follow-up care;

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
10000 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FISCHE, FISCHE, KENNEY, GIROUX & HARRINGTON, P.C.  •  A PROFESSIONAL CORPORATION

10390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

n.  Medical bills – past and future;

o.  Economic loss;

p.  Conscious pain and suffering;

q.  Denial of social pleasures and enjoyments;

r.  Embarrassment, humiliation, mortification;

s.  Emotional distress, anxiety, mental anguish, fright and shock;

t.  Other damages that may become known through the passage of time and/or the course of discovery; and

u.  Any and all other damages allowed under Michigan Law.

38.   As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff's Minor, LEIGHTON CLARKE, JR., including, but not limited to, the following:

a.  3 lacerations on head requiring stitches;

b.  Medical bills – past and future;

c.  Economic loss;

d.  Conscious pain and suffering;

e.  Denial of social pleasures and enjoyments;

f.  Embarrassment, humiliation, mortification;

g.  Emotional distress, anxiety, mental anguish, fright and shock;

h.  Other damages that may become known through the passage of time and/or the course of discovery; and

i.  Any and all other damages allowed under Michigan Law.

{00532236.DOC}

9

39.   As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff's Minor, LACY CLARKE, including, but not limited to, the following:

       a.   Wounds and abrasions about her body;

       b.   Emergency room care;

       c.   Medical bills – past and future;

       d.   Economic loss;

       e.   Conscious pain and suffering;

       f.   Denial of social pleasures and enjoyments;

       g.   Embarrassment, humiliation, mortification;

       h.   Emotional distress, anxiety, mental anguish, fright and shock;

       i.   Other damages that may become known through the passage of time and/or the course of discovery; and

       j.   Any and all other damages allowed under Michigan Law.

40.   As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff, LEIGHTON CLARKE, including, but not limited to, the following:

       a.   Traumatic brain injury consisting of massive intracranial hemorrhaging measuring up to 17 mm;

       b.   C6 and C7 spinal fractures requiring surgery;

       c.   C4 and C5 central disc protrusions;

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.   •   A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

d. C1 rib fracture;

e. Fracture of left scapula involving the scapular spine and extending to base of glenoid;

f. Left ankle fracture;

g. Anterior fractures of left acetabular extending into left iliac bone and superior pubic ramus;

h. Posterior fracture of left acetabular;

i. Medial wall fracture of acetabular;

j. Upper arm injuries;

k. Prolonged Hospital stay requiring follow-up care;

l. Inpatient rehabilitation;

m. Outpatient rehabilitation;

n. Medical bills – past and future;

o. Economic loss;

p. Conscious pain and suffering;

q. Denial of social pleasures and enjoyments;

r. Embarrassment, humiliation, mortification;

s. Emotional distress, anxiety, mental anguish, fright and shock;

t. Other damages that may become known through the passage of time and/or the course of discovery; and

u. Any and all other damages allowed under Michigan Law.

41.     As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff ORETHIA BLAKE, including, but not limited to, the following:

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

a. Right AC joint separation requiring physical therapy;

b. Right T1 TP fracture;

c. Facial abrasions;

d. Right Lung contusions;

e. Right pneumothorax;

f. Left pneumothorax;

g. Prolonged hospital stay requiring follow-up care;

h. Medical bills – past and future;

i. Economic loss;

j. Conscious pain and suffering;

k. Denial of social pleasures and enjoyments;

l. Embarrassment, humiliation, mortification;

m. Emotional distress, anxiety, mental anguish, fright and shock;

n. Other damages that may become known through the passage of time and/or the course of discovery; and

o. Any and all other damages allowed under Michigan Law.

42.     As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff, JANICE DEPOY, including, but not limited to, the following:

a. Left femur fracture requiring surgery/skeletal fraction;

b. Right 8-10 rib fractures;

c. Spleen removal;

{00630236.DOC}                                                  12

FISGER, FIBGER, KENNY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
10390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

d. Grade 5 left renal laceration;

e. Left renal artery injury;

f. Left adrenal laceration;

g. Right renal laceration;

h. Grade 2 liver laceration/hematomas;

i. Internal bleeding of esophagus requiring surgeries;

j. Pancreatic duct injury requiring abdominal drain and prescription injection for digestion;

k. Right lung contusion;

l. Head injury;

m. Prolonged hospital stay requiring follow-up physical therapy;

n. In-home personal care;

o. Medical bills – past and future;

p. Economic loss;

q. Conscious pain and suffering;

r. Denial of social pleasures and enjoyments;

s. Embarrassment, humiliation, mortification;

t. Emotional distress, anxiety, mental anguish, fright and shock;

u. Other damages that may become known through the passage of time and/or the course of discovery; and

v. Any and all other damages allowed under Michigan Law.

43. As a direct and/or the proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious

{00630204.DOC}                    13

injuries and damages were sustained by Plaintiff's Minor, ALLESHA COOPER-DEPOY, including, but not limited to, the following:

    a. Wounds and abrasions about her body;

    b. Emergency medical care;

    c. Medical bills – past and future;

    d. Economic loss;

    e. Conscious pain and suffering;

    f. Denial of social pleasures and enjoyments;

    g. Embarrassment, humiliation, mortification;

    h. Emotional distress, anxiety, mental anguish, fright and shock;

    i. Other damages that may become known through the passage of time and/or the course of discovery; and

    j. Any and all other damages allowed under Michigan Law.

44. As a direct and proximate cause of the aforementioned negligence and/or gross negligence by Defendants, WALMART and WSE, the following serious injuries and damages were sustained by Plaintiff TAMLA GRAY, including, but not limited to, the following:

    a. Subdural hematoma along the left temporal;

    b. Bilateral open left mid/distal tibia fracture requiring surgery and fixation screws;

    c. Bilateral open right mid/distal tibia fracture requiring surgery and fixation screws;

    d. Bilateral open left mid/distal fibula fracture requiring surgery and fixation screws;

    e. Bilateral open right mid/distal fibula fracture

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

{00630234.DOC}        14

requiring surgery and fixation screws;

f.   Tissue laceration;

g.   Radiopaque foreign body in the posterior calf;

h.   Radiopaque foreign body in the medial knee;

i.   Prolonged hospital stay lasting approximately a month;

j.   In-home physical therapy;

k.   Outpatient nursing services;

l.   Medical bills – past and future;

m.   Economic loss;

n.   Conscious pain and suffering;

o.   Denial of social pleasures and enjoyments;

p.   Embarrassment, humiliation, mortification;

q.   Emotional distress, anxiety, mental anguish, fright and shock;

r.   Other damages that may become known through the passage of time and/or the course of discovery; and

s.   Any and all other damages allowed under Michigan Law.

45.   As a further direct and/or the proximate result of the Defendants' negligence and/or gross negligence, the Plaintiffs were forced to seek extensive care and treatment for their severe and permanent injuries, which continue to date and are expected to continue into the future.

WHEREFORE, Plaintiffs, MINETTE BLAKE, Individually and as Next Friend of LEIGHTON CLARKE JR., a Minor; and as Next Friend of LACY CLARKE, a Minor; ORETHIA BLAKE, Individually; LEIGHTON CLARKE, Individually; JANICE DEPOY,

{00690236.DOC}                                    15

Individually and as Next Friend of ALLESHA COOPER-DEPOY, a Minor; and TAMLA

GRAY, Individually, respectfully request that judgment be entered in their favor and

against Defendants and greatly in excess of Twenty Five Thousand Dollars

($25,000.00), exclusive of costs, interest and attorney fees.

*FIEGER, FIEGER, KENNEY*
*& HARRINGTON, P.C.*

By:

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075-2463
(248) 355-5555 Fax: (248) 355-5148

Dated: October 15, 2018

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

MINETTE BLAKE, Individually and as
Next Friend of LEIGHTON CLARKE, JR.,
a Minor; and as Next Friend of LACY
CLARKE, a Minor; ORETHIA BLAKE,
Individually; LEIGHTON CLARKE,
Individually; JANICE DEPOY, Individually
and as Next Friend of ALLESHA
COOPER, a Minor; and TAMLA GRAY,
Individually,

Case No.: 18-          -NO
Hon.

        Plaintiffs,

v.

WALMART STORE, INC.
and WAL-MART STORES EAST,
LIMITED PARTNERSHIP,
Jointly and Severally,

        Defendants.

_____/

### JURY DEMAND

    **NOW COME** Plaintiffs, by and through their attorneys, FIEGER, FIEGER,

KENNEY, & HARRINGTON, P.C., and hereby request a trial by jury in this matter.

               *FIEGER, FIEGER, KENNEY*
               *& HARRINGTON, P.C.*

By:              _____
               GEOFFREY N. FIEGER (P30441)
               DONALD H. DAWSON, JR. (P29692)
               Attorneys for Plaintiff
               19390 West Ten Mile Road
               Southfield, Michigan 48075-2463
               (248) 355-5555 Fax: (248) 355-5148

Dated: October 15, 2018

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. - A PROFESSIONAL CORPORATION
19390 West Ten Mile Road · Southfield Michigan 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

MINETTE BLAKE, Individually and as
Next Friend of LEIGHTON CLARKE, JR.,
a Minor; and as Next Friend of LACY
CLARKE, a Minor; ORETHIA BLAKE,
Individually; LEIGHTON CLARKE,
Individually; JANICE DEPOY, Individually
and as Next Friend of ALLESHA
COOPER, a Minor; and TAMLA GRAY,
Individually,

Case No.: 18-005474-NO
Hon. William C. Marietti

      Plaintiffs,

v.

WALMART STORE, INC.
and WAL-MART STORES EAST,
LIMITED PARTNERSHIP,
Jointly and Severally,

      Defendants.

                                   /

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

                                   /

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

### AMENDED EX PARTE ORDER APPOINTING MINETTE BLAKE AS NEXT FRIEND OF MINORS, LEIGHTON CLARKE, JR. and LACY BLAKE

At a session of said Court,
held in City of Flint, County
of Genesee, State of Michigan
on  October 29, 2018

PRESENT: HON. _____
                    Circuit Court Judge

{00635519.DOC}                        4

Upon the Petition and Consent of MINETTE BLAKE, the paternal mother and Guardian of the minor Plaintiffs, LEIGHTON CLARKE, JR. and LACY BLAKE for appointment of herself as Next Friend, having been considered, the Court finds that:

MINETTE BLAKE is competent and suitable to be appointed Next Friend of LEIGHTON CLARKE, JR. and LACY BLAKE, minors, and,

That MINETTE BLAKE has consented to such appointment.

IT IS HEREBY ORDERED that MINETTE BLAKE be appointed Next Friend of LEIGHTON CLARKE, JR. and LACY BLAKE, minors, for the purpose of bringing this cause of action against Defendants, WALMART STORE, INC. and WAL-MART STORES EAST, LIMITED PARTNERSHIP, for losses sustained by minor Plaintiffs, LEIGHTON CLARKE, JR. and LACY BLAKE, from a products liability claim that occurred on April 3, 2017 wherein Plaintiff minors were seriously injured in the County of Muskegon and State of Michigan.

CIRCUIT COURT JUDGE

Submitted by:

DONALD H. DAWSON (P29692)
Attorney for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

FISCHE, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

RECEIVED 10/17/2018

FILED 10/22/2018
14th CIRCUIT COURT
MUSKEGON COUNTY



2018-005474-NO
CCR-ORNF
PROPOSED

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

MINETTE BLAKE, individually and as
Next Friend of LEIGHTON CLARKE, JR.,
a Minor; and as Next Friend of LACY
CLARKE, a Minor; ORETHIA BLAKE,
Individually; LEIGHTON CLARKE,
Individually; JANICE DEPOY, Individually
and as Next Friend of ALLESHA
COOPER, a Minor; and TAMLA GRAY,
Individually,

        Plaintiffs,

v.

WALMART STORE, INC.
and WAL-MART STORES EAST,
LIMITED PARTNERSHIP,
Jointly and Severally,

        Defendants.

Case No.: 18-005474-NO
Hon.

**THIS CASE ASSIGNED TO
JUDGE WILLIAM C. MARIETTI**

GEOFFREY N. FIEGER (P30441)
DONALD H. DAWSON, JR. (P29692)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney
& Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

### EX PARTE ORDER APPOINTING JANICE DEPOY AS NEXT FRIEND OF MINOR, ALLESHA COOPER

At a session of said Court,
held in City of Flint, County
of Genesee, State of Michigan
on _____

PRESENT: HON. _____
               Circuit Court Judge

{00502253.DOC}

3

Upon the Petition and Consent of JANICE DEPOY, the paternal mother and Guardian of the minor Plaintiff, ALLESHA COOPER for appointment of herself as Next Friend, having been considered, the Court finds that:

JANICE DEPOY is competent and suitable to be appointed Next Friend of ALLESHA COOPER, minor, and,

That JANICE DEPOY has consented to such appointment.

IT IS HEREBY ORDERED that JANICE DEPOY be appointed Next Friend of ALLESHA COOPER, minor, for the purpose of bringing this cause of action against Defendants, WALMART STORE, INC. and WAL-MART STORES EAST, LIMITED PARTNERSHIP, for losses sustained by minor Plaintiffs, ALLESHA COOPER, from a products liability claim that occurred on April 3, 2017 wherein Plaintiff minor was seriously injured in the County of Muskegon and State of Michigan.

10/22/2018 03:50 PM

CIRCUIT COURT JUDGE: P. LYNNS ANN COUNTY COURT JUDGE

Submitted by:

**DONALD H. DAWSON (P29692)**
Attorney for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

{00490255.DOC}

4